UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS LEE JONES,

      Petitioner,

v.                                       CASE NO. 6:14-cv-981-Orl-31KRS
                                           (6:05-cr-200-Orl-19KRS)

UNITED STATES OF AMERICA,

      Respondent.

_____/

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Dennis Lee Jones (Doc. 1). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts.* (Doc. 6). Petitioner filed a reply (Doc. 8).

Petitioner alleges four claims for relief. However, as discussed hereinafter, the Court finds that the motion to vacate, set aside, or correct sentence is untimely and must be denied.

## I.    BACKGROUND

Petitioner was charged by indictment with one count of knowingly distributing 50 grams or more of cocaine base, commonly known as crack cocaine, in violation of 21

U.S.C. § 841(a)(1) & (b)(1)(A) (Criminal Case No. 6:05-cr-200-Orl-19KRS, Doc. 1).[1] Petitioner pled guilty to the indictment as charged (Criminal Case Doc. 26). Magistrate Judge Spaulding entered a Report and Recommendation, recommending that the guilty plea be accepted (Criminal Case Doc. 27). The Court adopted the Report and Recommendation (Criminal Case Doc. 28). On November 21, 2006, the Court sentenced Petitioner to a 262-month term of imprisonment as a career offender followed by a five-year term of supervised release (Criminal Case Doc. 36). Judgment was entered on November 22, 2006 (Criminal Case Doc. 38). Petitioner appealed, and on June 12, 2007, the Eleventh Circuit Court of Appeals *per curiam* affirmed (Criminal Case Doc. 46). Petitioner filed his motion to vacate, set aside, or correct sentence on June 17, 2014.[2]

## II.   TIMELINESS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of --
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

[1]Criminal Case No. 6:05-cr-200-Orl-19KRS will be referred to as "Criminal Case."

[2] Petitioner's § 2255 motion is deemed filed the date it was delivered to prison authorities for mailing.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, Petitioner's conviction and sentence became final on September 10, 2007, or ninety days after the Eleventh Circuit *per curiam* affirmed Petitioner's conviction and sentence. *See Jeffries v. United States*, 748 F.3d 1310, 1313-14 (11th Cir. 2014) (stating a prisoner's conviction becomes final ninety days after an appellate court affirms a conviction and sentence). Petitioner had one year, or through September 10, 2008, to file a § 2255 motion. Petitioner's motion, filed on June 17, 2014, is untimely.

Petitioner contends his § 2255 motion is timely filed pursuant to § 2255(f)(3) in light of the Attorney General Eric Holder's memorandum "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancement in Certain Drug Cases" issued in August 2013 (Doc. 1 at 13).[3] The Government contends that this

---

[3] The memorandum "provides that prosecutors should decline to charge the quantity of drugs necessary to trigger a mandatory minimum sentence if a defendant meets certain criteria." *United States v. Barnes*, 730 F.3d 456, 459 (5th Cir. 2013).

memorandum is a "guidepost for Department of Justice prosecutors" and does not confer any rights to Petitioner (Doc. 6 at 7). The Court agrees. The memorandum expressly notes that is does not "create or confer any rights or privileges to defendants in criminal cases." *United States v. Camille*, 579 F. App'x 814, 817 (11th Cir. 2014).    The Eleventh Circuit has held that internal Department of Justice policies do not create enforceable rights for criminal defendants. *Id.* (citing *United States v. Bagnell*, 679 F.2d 826 (11th Cir. 1982)). Therefore, the memorandum did not restart the one-year limitations period.

Petitioner also contends that his § 2255 motion is timely pursuant to the Supreme Court of the United States' decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013) (Doc. 1 at 5; Doc. 8 at 1-10).[4]  However, Petitioner has not demonstrated that *Descamps* is retroactively applicable to cases on collateral review. *See Nipper v. Warden, FCC-Coleman*, 597 F. App'x 581, 583 (11th Cir. 2015) ("Neither the Supreme Court nor this Court has held that *Descamps* applies retroactively on collateral review. Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review") (citation omitted); *Wilson v. Warden, FCC Coleman*, 581 F. App'x 750, 753 (11th Cir. 2014). Petitioner's § 2255 motion is untimely filed.

---

[4] The *Descamps* Court held the California burglary statute is nondivisible and thus, the district court could not apply the modified categorical approach in determining if the prior violent felony conviction was a predicate offense under the ACCA. 133 S. Ct. at 2285–86.

To the extent Petitioner alleges that he is actually innocent of his career offender sentence enhancement (Doc. 8 at 5), his claim also fails. A showing of actual innocence may relieve habeas petitioners from the burdens imposed by 28 U.S.C. § 2244(d). *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Thus, arguably a showing of actual innocence may relieve a petitioner from the burdens imposed by § 2255(f). "A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "'[A]ctual innocence' means *factual* innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (emphasis in original).

Petitioner has not demonstrated that he is actually innocent of his convictions and therefore, cannot overcome the untimely filing of his § 2255 motion. *See, e.g., McKay*, 657 F.3d at 1196–98 (holding a petitioner must establish that he is factually innocent of one of his prior convictions to establish application of fundamental miscarriage of justice exception in order to overcome procedural bar for claim of sentencing error based on career offender designation); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) ("When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice."); *Crawford v. United States*,

5

501 F. App'x 943 (11th Cir. 2012). Accordingly, Petitioner's motion is untimely filed and must be dismissed.[5]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Dennis Lee Jones is **DENIED**.

2.      The Clerk of the Court shall enter judgment for Respondent and thereafter close this case.

3.      The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:05-cr-200-Orl-19KRS.

4.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).    Petitioner has failed to make such a showing.[6]    Accordingly, a

---

[5] Alternatively, the Court notes that Petitioner has not demonstrated that he is entitled to relief on his claims challenging his career offender sentence. Contrary to Petitioner's assertions, his prior convictions for sale of cocaine and trafficking in cocaine qualify as "controlled substance offenses" or "serious drug offenses" within the meaning of the federal statutes and the United States Sentencing Guidelines. *See United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014); *Rodriguez v. United States*, 572 F. App'x 884 (11th Cir. 2014). Consequently, Petitioner's career offender sentence was properly imposed and does not amount to a "fundamental miscarriage of justice."

[6] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States*

certificate of appealability is **DENIED**.

      **DONE AND ORDERED** in Orlando, Florida this 1st day of December, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 12/1
Dennis Lee Jones
Counsel of Record

---

*District Court*, "[t]he district court must issue or deny a certificate of appealability when
it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule
11, 28 U.S.C. foll. § 2255.